IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAVIER SANTIAGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 10-4691 |
| vs. | ) | |
| | ) | |
| SERGEANT RONAN, Star No. 2040, | ) | JURY TRIAL DEMANDED |
| P.O. MICHAEL TEWS, Star No. 10773, | ) | |
| P.O. G. MOUSSA, Star No. 5509, | ) | |
| KEN SAHNAS, Star No. 331, P.O. NOEL | ) | |
| LIBOY, Star No. 13447, P.O. M.K. DROZD, | ) | |
| Star No. 19034, P.O. A.A. COLINDRES, | ) | |
| Star No. 19764, P.O. T.A. SURMA, Star | ) | |
| No. 7993, D.M. DOWD, Star No. 789, and the | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff in the above-captioned case, JAVIER SANTIAGO ("SANTIAGO"), by and through his attorney, and complains against the Defendants, SERGEANT RONAN, Star No. 2040, P.O. MICHAEL TEWS, Star No. 10773, P.O. G. MOUSSA, Star No. 5509, KEN SAHNAS, Star No. 331, P.O. NOEL LIBOY, Star No. 13447, P.O. M.K. DROZD, Star No. 19034, P.O. A.A. COLINDRES, Star No. 19764, P.O. T.A. SURMA, Star No. 7993, D.M. DOWD, Star No. 789, and the CITY OF CHICAGO, and each of them, as follows:

**Nature of the Action**

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, against

Officers RONAN, TEWS, MOUSSA, SAHNAS, LIBOY, DROZD, COLINDRES, SURMA, and DOWD, police officers of the CITY OF CHICAGO, in their individual capacities and against the CITY OF CHICAGO, based upon indemnification.

## Jurisdiction and Venue

2. This Court has jurisdiction over the subject matter of this action under Sections 1331, 1343(a)(3) and (4), and 1367 of Title 28 of the United States Code because this action arises under the Constitution and laws of the United States, and because it is brought to redress the deprivation of the Plaintiff's federal constitutional rights.

3. Venue is proper in this District under Section 1391(b)(1) and (2) of Title 28 of the United States Code because all events and omissions giving rise to this action occurred within the Northern District of Illinois and because the Defendants reside within the Northern District of Illinois.

## Parties

4. The Plaintiff is a citizen of the United States and the State of Illinois.

5. Defendants, RONAN, TEWS, MOUSSA, SAHNAS, LIBOY, DROZD, COLINDRES, SURMA, and DOWD, are citizens of the United States and the State of Illinois. At all times material, they were employed as police officers by the Defendant CITY OF CHICAGO. As police officers, they each have and, in fact, exercised the authority to effect arrests, cause incarceration, and commence or cause the commencement of criminal prosecutions. For the purposes of the federal law claims asserted in this action, they are sued in their individual capacities only. At all times and in all matters material, they acted under the color of the law of the State of Illinois and within the scope of their respective duties in

Officers RONAN, TEWS, MOUSSA, SAHNAS, LIBOY, DROZD, COLINDRES, SURMA, and DOWD, police officers of the CITY OF CHICAGO, in their individual capacities and against the CITY OF CHICAGO, based upon indemnification.

## Jurisdiction and Venue

2. This Court has jurisdiction over the subject matter of this action under Sections 1331, 1343(a)(3) and (4), and 1367 of Title 28 of the United States Code because this action arises under the Constitution and laws of the United States, and because it is brought to redress the deprivation of the Plaintiff's federal constitutional rights.

3. Venue is proper in this District under Section 1391(b)(1) and (2) of Title 28 of the United States Code because all events and omissions giving rise to this action occurred within the Northern District of Illinois and because the Defendants reside within the Northern District of Illinois.

## Parties

4. The Plaintiff is a citizen of the United States and the State of Illinois.

5. Defendants, RONAN, TEWS, MOUSSA, SAHNAS, LIBOY, DROZD, COLINDRES, SURMA, and DOWD, are citizens of the United States and the State of Illinois. At all times material, they were employed as police officers by the Defendant CITY OF CHICAGO. As police officers, they each have and, in fact, exercised the authority to effect arrests, cause incarceration, and commence or cause the commencement of criminal prosecutions. For the purposes of the federal law claims asserted in this action, they are sued in their individual capacities only. At all times and in all matters material, they acted under the color of the law of the State of Illinois and within the scope of their respective duties in

connection with their employment by the City of Chicago.

6. The Defendant City of Chicago ("CITY") is a municipal corporation operating under the Constitution and laws of the State of Illinois. As such, it operates a police force authorized to enforce the laws of the State of Illinois and its own municipal ordinances. At all times material, it employed the Defendants Officers RONAN, TEWS, MOUSSA, SAHNAS, LIBOY, DROZD, COLINDRES, SURMA, and DOWD, as police officers and governed and regulated said Defendants in the exercise of their official duties and the course of their employment.

## General Allegations

7. In this action, SANTIAGO seeks damages arising out of the constitutionally violative prosecution, arrest, detention, incarceration, and searches of Plaintiff's person on and after July 27, 2008.

8. On July 27, 2008, Chicago Police Officers, including officers TEWS and MOUSSA stopped, without probable cause, the car in which Plaintiff was driving and then proceeded to search, without probable cause, Plaintiff's automobile. TEWS and MOUSSA later falsely claimed, on police reports, that police had received an alleged "tip" from an anonymous caller reporting that Plaintiff was in possession of a gun in his car. Upon receiving the "tip" which was neither reliable nor corroborated, RONAN allegedly set up a "surveillance" for Plaintiff, pursuant to which, Plaintiff was stopped by TEWS and MOUSSA.

9. During the search of the automobile, TEWS told Plaintiff that TEWS was going to plant a gun on Plaintiff in order to create a violation of parole. During the stop and detention of Plaintiff and while Plaintiff was in handcuffs, MOUSSA slapped Plaintiff in the face with his

3

open hand.

10. Although Plaintiff did not have a gun in his car at the time of the search, TEWS and MOUSSA claimed that a gun was, in fact, found in the automobile. Plaintiff was charged with possession of a handgun, issued tickets for littering from a motor vehicle, not having a valid driver's license and operating an uninsured motor vehicle, and was incarcerated for a period of a year while he was awaiting trial, which otherwise would not have occurred but for TEWS' and MOUSSA's false allegations and/or RONAN's fraudulent surveillance.

11. SAHNAS, who was the Watch Commander and "approving supervisor" on duty, falsely approved probable cause. DOWD finally, and falsely, approved the charges made against Plaintiff. LIBOY, DROZD, COLINDRES, and SURMA participated in the false arrest of Plaintiff.

12. On July 27, 2010, after a bench trial, Plaintiff was acquitted of the charges and was released from custody.

13. As a result of the false charges brought and/or allegations made by the Defendant officers, Plaintiff was taken into custody, booked, subjected to search and other humiliations, and incarcerated for a year while awaiting trial.

14. RONAN, TEWS, MOUSSA, SAHNAS, LIBOY, DROZD, COLINDRES, SURMA, and DOWD, acted herein, at all relevant times, with the specific intent that Plaintiff suffer each of the indignities herein described.

15. Defendants RONAN, TEWS, MOUSSA, SAHNAS, LIBOY, DROZD, COLINDRES, SURMA, and DOWD caused Plaintiff's arrest, detention, incarceration, the personal searches, and the commencement of his subsequent criminal prosecution with a

complete and reckless disregard or indifference for Plaintiff's constitutional rights.

16. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered the following injuries and damages:

    a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable searches and seizure of his person and to be accorded equal protection of the law;

    b. Loss of physical liberty;

    c. Emotional trauma and suffering;

    d. Attorney's fees and costs.

17. The actions of the Defendant officers, and each of them, violated clearly established and well-settled federal constitutional rights of Plaintiff, namely to be free from unreasonable searches and seizures of her person and to be assured the equal protection of the law.

**Count I – Violation of Civil Rights - Fourth Amendment Searches and Seizure**

18. The Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 17 of this Complaint as if restated in full in this Count I.

19. As described herein, by swearing out false complaints and perpetuating false testimony against Plaintiff, by unlawfully detaining and arresting Plaintiff, without probable cause, by unlawfully searching Plaintiff and his automobile, without probable cause, by unlawfully subjecting Plaintiff to surveillance, without probable cause, by approving charges against Plaintiff, without probable cause, and by using excessive and unlawful force against Plaintiff, Defendants RONAN, TEWS, MOUSSA, SAHNAS, and DOWD violated Plaintiff's right to be free from unreasonable searches and seizure, absent probable cause to believe that he

had committed the crimes charged and deprived Plaintiff of the rights secured to him by the Fourth Amendment to the United States Constitution, as made applicable to the Defendants by the due process clause of the Fourteenth Amendment.

20. As a direct and proximate result of the Defendants' actions, Plaintiff suffered unlawful detention of his person for one year, extreme mental anguish, embarrassment, humiliation, and physical injury.

WHEREFORE the Plaintiff demands a trial by jury and respectfully requests that this Court award to him and against each of the Defendants, RONAN, TEWS, MOUSSA, SAHNAS, and DOWD, jointly and severally:

A. Nominal damages in an amount to be determined at trial;

B. Compensatory damages in an amount to be established at trial;

C. Punitive damages in an amount to be determined at trial;

D. His reasonable attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code, in an amount to be established at an appropriate hearing; and

E. Such other and further relief as this Court shall deem just and proper.

### Count II – 42 U.S.C. § 1983
### Fourth Amendment Conspiracy

21. The Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 17 of this Complaint as if restated in full in this Count II.

22. At all relevant times, the Plaintiff enjoyed and possessed a right under the Fourth Amendment to be free from unreasonable searches and seizures and to be secure in his personal effects and property.

23. At all relevant times, the Defendants, RONAN, TEWS, MOUSSA, SAHNAS, LIBOY, DROZD, COLINDRES, SURMA, and DOWD, as well as-yet unknown co-conspirators, accomplished an unlawful result through individual and/or concerted action, including excess force and/or failing to intervene in the use of excess force against the Plaintiff, agreeing not to report each other after witnessing and/or using excess force relative to the Plaintiff, generating false documentation to cover-up for their own and each other's misconduct, and ignoring the falsification of documents and perjury and failing to intervene to bring the falsification and perjury to light and have it corrected so as not to cause injury to the Plaintiff, in that, they agreed, through explicit or implicit means, to effect the unlawful detention and arrest of the Plaintiff without lawful authority in the form of reasonable articulable suspicion, probable cause, a judicial warrant or writ, and to effect the excessive force as herein described.

24. In furtherance of said agreement, Defendants RONAN, TEWS, MOUSSA, SAHNAS, LIBOY, DROZD, COLINDRES, SURMA, and DOWD, unlawfully detained, arrested, and falsely charged the Plaintiff, Defendants RONAN, TEWS, and MOUSSA manufactured and fabricated evidence against Plaintiff, and Defendant MOUSSA utilized excessive and unlawful force against Plaintiff. Defendants acted in concert to deprive Plaintiff of his constitutional rights.

25. At all times relevant hereto, the Defendants RONAN, TEWS, MOUSSA, SAHNAS, LIBOY, DROZD, COLINDRES, SURMA, and DOWD, were acting under color of law, and their individual and/or concerted conduct as described herein was done with deliberate indifference to the rights of the Plaintiff.

26. As a direct and proximate result of Officers RONAN, TEWS, MOUSSA, SAHNAS, LIBOY, DROZD, COLINDRES, SURMA, and DOWD, and each of them, intentionally, knowingly,

unlawfully and unconscionably acting in the manner aforesaid, Plaintiff has and will suffer lost wages, benefits and entitlements, damage to his reputation, pain suffering, and humiliation and severe emotional distress and has been deprived of certain rights and privileges as a citizen of the United States.

WHEREFORE the Plaintiff demands a trial by jury and respectfully requests that this Court award to him and against Defendants RONAN, TEWS, MOUSSA, SAHNAS, LIBOY, DROZD, COLINDRES, SURMA, and DOWD, and each of them:

A. Nominal damages in an amount to be determined at trial;

B. Compensatory damages in an amount to be established at trial;

C. Punitive damages in an amount to be determined at trial;

D. His reasonable attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code, in an amount to be established at an appropriate hearing; and

E. Such other and further relief as this Court shall deem just and proper, awarding compensatory damages and attorneys' fees, along with punitive damages against Officers TEWS, RONAN, and MOUSSA, and any other relief this Court deems appropriate and just.

### Count III – State Law - Indemnity

27. The Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 17 of this Complaint as if restated in full in this Count III.

28. At all relevant times, Defendants, RONAN, TEWS, MOUSSA, SAHNAS, LIBOY, DROZD, COLINDRES, SURMA, and DOWD, and each of them, were acting on behalf of and/or within the scope of their employment with the Defendant, CITY OF CHICAGO.

29. As a result of the Defendants' conduct, as described herein, Plaintiff is seeking monetary damages, attorney's fees and costs.

30. Illinois directs local public entities to pay any tort judgment or settlement for which it or an employee, while acting within the scope of his employment, is liable. 745 ILCS 10/9-101 (West 2007).

WHEREFORE, the Plaintiff demands judgment against the Defendant CITY OF CHICAGO as indemnor, for compensatory damages awarded against or agreed to be paid by the Defendants, RONAN, TEWS, MOUSSA, SAHNAS, LIBOY, DROZD, COLINDRES, SURMA, and DOWD, and each of them, as such amounts may be adjudged or determined, that any law enforcement, court or other official record created or generated as a result of the unconstitutional acts alleged herein be expunged, and any other relief the Court deems just and appropriate.

          Respectfully submitted,
          JAVIER SANTIAGO

          s/ Deidre Baumann

          By: One of His Attorneys

Baumann & Shuldiner
20 South Clark Street, Suite 500
Chicago, Illinois 60603

(312) 558-3119