## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JAVIER SANTIAGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 C 4691 |
| | ) | |
| SERGEANT RONAN, Star No. 2040, | ) | Judge Leinenweber |
| P.O. MICHAEL TEWS, Star No. 10773, | ) | |
| P.O. G. MOUSSA, Star No. 5509, | ) | Mag. Judge Finnegan |
| KEN SAHNAS Star No. 331, P.O. NOEL | ) | |
| LIBOY, Star No. 13447, P.O. M.K. DROZD, | ) | |
| Star No. 19034, P.O. A.A. COLINDRES, | ) | |
| Star No. 19764, P.O. T.A. SURMA, | ) | |
| Star No. 7993, D.M. DOWD, Star No. 789, and | ) | |
| the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' JOINT ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND

Defendants Sergeant Ronan, P.O. Michael Tews, P.O. G. Moussa, Ken Sahnas, P.O. Noel Liboy, P.O. M.K. Drozd, P.O. A.A. Colindres, P.O. T.A. Surma, D.M. Dowd (collectively referred to herein as the "Individual Defendants"), and Defendant City of Chicago, (collectively referred to herein as "Defendants"), by and through their attorneys Christopher A. Wallace, Assistant Corporation Counsel, and Mathew R. Hader, Assistant Corporation Counsel for the City of Chicago, submit the following joint answer to Plaintiff's Complaint, with affirmative defenses and a jury demand.

### Answer to Nature of the Action

1.      This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, against Officers RONAN, TEWS, MOUSSA, SAHNAS, LIBOY, DROZD, COLINDRES, SURMA, and DOWD, police officers of the CITY OF CHICAGO, in their individual capacities and against the CITY OF CHICAGO, based upon indemnification.

**ANSWER:** Defendants admit that Plaintiff purports to bring this suit under the above-mentioned Amendments, but deny committing any acts which would give rise to any liability to Plaintiff.

## Answer to Jurisdiction and Venue

2.      This Court has jurisdiction over the subject matter of this action under Sections 1331, 1343(a)(3) and (4), and 1367 of Title 28 of the United States Code because this action arises under the Constitution and laws of the United States, and because it is brought to redress the deprivation of the Plaintiff's federal constitutional rights.

**ANSWER:** Defendants admit this Court has jurisdiction over this action but deny Plaintiff's allegations that a deprivation of Plaintiff's federal constitutional rights occurred.

3.      Venue is proper in this District under Section 1391(b)(1) and (2) of Title 28 of the United States Code because all events and omissions giving rise to this action occurred within the Northern District of Illinois and because the Defendants reside within the Northern District of Illinois.

**ANSWER:** Defendants admit that this Court is the proper venue.

## Answer to Parties

4.      The Plaintiff is a citizen of the United States and the State of Illinois.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5.      Defendants, RONAN, TEWS, MOUSSA, SAHNAS, LIBOY, DROZD, COLINDRES, SURMA, and DOWD, are citizen of the United States and the State of Illinois. At all times material, they were employed as police officers by the Defendant CITY OF CHICAGO. As police officers, they each have and, in fact, exercised the authority to effect arrests, cause incarceration, and commence or cause the commencement of criminal prosecutions. For the purposes of the federal law claims asserted in this action, they are sued in their individual capacities only. At all times and in all matters material, they acted under the color of the law of the State of Illinois and within the scope of their respective duties in connection with their employment of the City of Chicago.

**ANSWER:** Defendants admit the allegations in paragraph 5.

6.    The Defendant City of Chicago ("CITY") is a municipal corporation operating under the Constitution and laws of the State of Illinois and its own municipal ordinances. At all times material, it employed the Defendants Officers RONAN, TEWS, MOUSSA, SAHNAS, LIBOY, DROZD, COLINDRES, SURMA, and DOWD, as police officers and governed and regulated said Defendants in the exercise of their official duties and the course of their employment.

**ANSWER:    Defendants admit the allegations in paragraph 6.**

## Answer to General Allegations

7.    In this action, SANTIAGO seeks damages arising out of the constitutionally violative prosecution, arrest, detention, incarceration, and searches of Plaintiff's person on and after July 27, 2008.

**ANSWER:    Defendants admit Plaintiff seeks the damages alleged in paragraph 7, but deny the remaining facts contained in paragraph 7 and further deny committing any acts which would give rise to the award of such damages.**

8.    On July 27, 2008, Chicago Police Officers, including officers TEWS and MOUSSA stopped, without probable cause, the car in which Plaintiff was driving and then proceeded to search, without probable cause, Plaintiff's automobile. TEWS and MOUSSA later falsely claimed, on police reports, that police had received an alleged "tip" from an anonymous caller reporting that Plaintiff was in possession of a gun in his car. Upon receiving the "tip" which was neither reliable nor corroborated, RONAN allegedly set up a "surveillance" for Plaintiff, pursuant to which, Plaintiff was stopped by TEWS and MOUSSA.

**ANSWER:    Defendants Tews and Moussa admit they stopped Plaintiff and searched his automobile. Defendants Tews and Moussa deny the remaining allegations in paragraph 8. Defendant Ronan admits Defendants Tews and Moussa stopped Plaintiff and searched his automobile. Defendant Ronan admits he set up surveillance of Plaintiff, pursuant to information he received. Defendant Ronan denies the remaining allegations in paragraph 8. On information and belief, Defendants Liboy and Colindres admit that Defendants Tews and Moussa stopped Plaintiff and searched his automobile. Defendants**

3

**Liboy and Colindres are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8. On information and belief, Defendants Sahnas and Dowd admit Defendants Tews and Moussa stopped Plaintiff and searched his automobile. Defendants Sahnas and Dowd are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8. Defendants Drozd and Surma are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8. On information and belief, Defendant City of Chicago admits Defendants Tews and Moussa stopped Plaintiff and searched his automobile. On information and belief, Defendant City further admits Defendant Ronan set up surveillance on Plaintiff. On information and belief, Defendant City denies the remaining allegations in paragraph 9.**

9. During the search of the automobile, TEWS told Plaintiff that TEWS was going to plant a gun on Plaintiff in order to create a violation of parole. During the stop and detention of Plaintiff and while Plaintiff was in handcuffs, MOUSSA slapped Plaintiff in the face with his open hand.

**ANSWER:** **Defendants deny the allegations in paragraph 9.**

10. Although Plaintiff did not have a gun in his car at the time of the search, TEWS and MOUSSA claimed that a gun was, in fact, found in the automobile. Plaintiff was charged with possession of a handgun, issued tickets for littering from a motor vehicle, not having a valid driver's license and operating an uninsured motor vehicle, and was incarcerated for a period of a year while he was awaiting trial, which otherwise would not have occurred but for TEWS' and MOUSSA's false allegations and/or RONAN's fraudulent surveillance.

**ANSWER:** **Defendants City, Tews, Moussa, Ronan, Liboy, Colindres, Sahnas, and Dowd admit Plaintiff was charged with possession of a handgun and issued tickets for littering from a motor vehicle, not having a valid driver's license, and operating an uninsured motor vehicle. Defendants Tews and Moussa deny the allegation that Plaintiff did not have a gun in his car. Defendants are without knowledge or information sufficient**

to form a belief as to the truth of the allegation that Plaintiff was incarcerated for a year.

Defendants Tews and Moussa deny the remaining allegations in paragraph 10. Defendant

Ronan denies the allegation that his surveillance was "fraudulent." Defendants City, Tews,

Moussa, Ronan, Liboy, Colindres, Sahnas, and Dowd are without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 10.

11.    SAHNAS, who was the Watch Commander and "approving supervisor" on duty, falsely approved probable cause. DOWD finally, and falsely, approved the charges made against Plaintiff. LIBOY, DROZD, COLINDRES, and SURMA participated in the false arrest of Plaintiff.

**ANSWER:**    Defendant Sahnas denies the allegations in paragraph 11 as they

pertain to him. Defendant Dowd denies the allegations in paragraph 11 as they pertain to

her. Defendants Sahnas and Dowd are without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations in paragraph 11. Defendants Liboy,

Colindres, Drozd, Surma, Ronan, Moussa, and Tews deny the allegations in paragraph 11.

On information and belief, Defendant City denies the allegations in paragraph 11.

12.    On July 27, 2010, after a bench trial, Plaintiff was acquitted of the charges and was released from custody.

**ANSWER:**    On information and belief, Defendants admit the allegations in

paragraph 12.

13.    As a result of the false charges brought and/or allegations made by the Defendant officers, Plaintiff was taken into custody, booked, subjected to search and other humiliations, and incarcerated for a year while awaiting trial.

**ANSWER:**    Defendants deny the allegations in paragraph 13.

14.    RONAN, TEWS, MOUSSA, SAHNAS, LIBOY, DROZD, COLINDRES, SURMA, and DOWD, acted herein, at all relevant times, with the specific intent that Plaintiff suffer each of the indignities herein described.

**ANSWER:**    Defendants deny the allegations in paragraph 14.

15.     Defendants RONAN, TEWS, MOUSSA, SAHNAS, LIBOY, DROZD, COLINDRES, SURMA, and DOWD caused Plaintiff's arrest, detention, incarceration, the personal searches, and the commencement of his subsequent criminal prosecution with a complete and reckless disregard or indifference for Plaintiff's constitutional rights.

**ANSWER:     Defendants deny the allegations in paragraph 15.**

16.     As a direct and proximate result of the Defendants' actions, plaintiff has suffered the following injuries and damages:

a.     Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable searches and seizure of his person and to be accorded equal protection of the law;

b.     Loss of physical liberty;

c.     Emotional trauma and suffering;

d.     Attorney's fees and costs.

**ANSWER:     Defendants deny the allegations in paragraph 16.**

17.     The actions of the Defendant officers, and each of them, violated clearly established and well-settled federal constitutional rights of Plaintiff, namely to be free from unreasonable searches and seizures of her person and to be assured the equal protection of the law.

**ANSWER:     Defendants deny the allegations in paragraph 17.**

**Answer to Count I - Violation of Civil Rights - Fourth Amendment Searches and Seizure**

18.     The Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 17 of this Complaint as if restated in full in this Count I.

**ANSWER:     Defendants reasserts their answers contained in the preceding paragraphs one through ten (1-17) and incorporate their answers herein, as though fully stated.**

19.     As described herein, by swearing out false complaints and perpetuating false testimony against Plaintiff, by unlawfully detaining and arresting Plaintiff, without probable cause, by

unlawfully searching Plaintiff and his automobile, without probable cause, unlawfully subjecting Plaintiff to surveillance, without probable cause, by approving charges against Plaintiff, without probable cause, and by using excessive and unlawful force against Plaintiff, Defendants RONAN, TEWS, MOUSSA, SAHNAS, and DOWD violated Plaintiff's right to be free from unreasonable searches and seizure, absent probable cause to believe that he had committed the crimes charged and deprived Plaintiff of the rights secured to him by the Fourth Amendment to the United States Constitution, as made applicable to the Defendants by the due process clause of the Fourteenth Amendment.

**ANSWER:** **Defendants deny the allegations in paragraph 19.**

20. As a direct and proximate result of the Defendants' actions, Plaintiff suffered unlawful detention of his person for one year, extreme mental anguish, embarrassment, humiliation, and physical injury.

**ANSWER:** **Defendants deny the allegations in paragraph 20.**

*WHEREFORE, Defendants request this Court enter judgment in their favor as to Count I and against plaintiff and enter any other relief in favor of them and against plaintiff that this Court deems just and proper.*

**Answer to Count II - 42 U.S.C. § 1983**
**Fourth Amendment Conspiracy**

21. The Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 17 of this Complaint as if restated in full in this Count II.

**ANSWER:** **Defendants reasserts their answers contained in the preceding paragraphs one through ten (1-17) and incorporate their answers herein, as though fully stated.**

22. At all relevant times, the Plaintiff enjoyed and possessed a right under the Fourth Amendment to be free from unreasonable searches and seizures and to be secure in his personal effects and property.

**ANSWER:** **Defendants admit the allegations in paragraph 22.**

23.     At all relevant times, the Defendants, RONAN, TEWS, MOUSSA, SAHNAS, LIBOY, DROZD, COLINDRES, SURMA, and DOWD, as well as-yet unknown co-conspirators, accomplished an unlawful result through individual and/or concerted action, including excess force and/or failing to intervene in the use of excess force relative to the Plaintiff, generating false documentation to cover-up for their own and each other's misconduct, and ignoring the falsification of documents and perjury and failing to intervene to bring the falsification and perjury to light and have it corrected so as not to cause injury to the Plaintiff, in that, they agreed, through explicit or implicit means, to effect the unlawful detention and arrest of the Plaintiff without lawful authority in the form of reasonable articulable suspicion, probable cause, a judicial warrant or writ, and to effect the excessive force as herein described.

**ANSWER:     Defendants deny the allegations in paragraph 23.**

24.     In furtherance of said agreement, Defendants RONAN, TEWS, MOUSSA, SAHNAS, LIBOY, DROZD, COLINDRES, SURMA, and DOWD, unlawfully detained, arrested, and falsely charged the Plaintiff, Defendants RONAN, TEWS, and MOUSSA manufactured and fabricated evidence against Plaintiff, and Defendant MOUSSA utilized excessive and unlawful force against Plaintiff.  Defendants acted in concert to deprive Plaintiff of his constitutional rights.

**ANSWER:     Defendants deny the allegations in paragraph 24.**

25.     At all times relevant hereto, the Defendants RONAN, TEWS, MOUSSA, SAHNAS, LIBOY, DROZD, COLINDRES, SURMA, and DOWD, were acting under color of law, and their individual and/or concerted conduct as described herein was done with deliberate indifference to the rights of the Plaintiff.

**ANSWER:     Defendants admit that, at all relevant times, Defendants Ronan, Tews, Moussa, Sahnas, Liboy, Drozd, Colindres, Surma, and Dowd were acting under color of law. Defendants deny the remaining allegations in paragraph 25.**

26.     As a direct and proximate result of Officers RONAN, TEWS, MOUSSA, SAHNAS, LIBOY, DROZD, COLINDRES, SURMA, and DOWD, and each of them, intentionally, knowingly, unlawfully and unconscionably acting in the manner aforesaid, Plaintiff has and will suffer lost wages, benefits and entitlements, damage to his reputation, pain suffering, and humiliation and severe emotional distress and has been deprived of certain rights and privileges as a citizen of the United States.

**ANSWER:     Defendants deny the allegations in paragraph 26.**

***WHEREFORE, Defendants request this Court enter judgment in their favor as to Count II and against plaintiff and enter any other relief in favor of them and against plaintiff that this Court deems just and proper.***

### Answer to Count III - State Law - Indemnity

27.     The Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 17 of this Complaint as if restated in full in this Count III.

**ANSWER:     Defendants reasserts their answers contained in the preceding paragraphs one through ten (1-17) and incorporate their answers herein, as though fully stated.**

28.     At all relevant times, Defendants, RONAN, TEWS, MOUSSA, SAHNAS, LIBOY, DROZD, COLINDRES, SURMA, and DOWD, and each of them, were acting on behalf of and/or within the scope of their employment with the Defendant, CITY OF CHICAGO.

**ANSWER:     Defendants admit that, at all relevant times, Defendants Ronan, Tews, Moussa, Sahnas, Liboy, Drozd, Colindres, Surma, and Dowd were acting in the scope of their employment with the City of Chicago.**

29.     As a result of the Defendants' conduct, as described herein, Plaintiff is seeking monetary damages, attorney's fees and costs.

**ANSWER:     Defendants admit Plaintiff seeks monetary damages, attorney's fees and costs.  Defendants deny the remaining allegations in paragraph 29.**

30.     Illinois directs local public entities to pay any tort judgment or settlement for which it or an employee, while acting within the scope of his employment, is liable.  745 ILCS 10/9-101(West 2007).

**ANSWER:     Defendants deny Plaintiff has fully or accurately characterized Illinois law under 745 ILCS 10/9-101 in so far as it commands local public entities to pay tort judgments or settlements.**

*WHEREFORE, Defendants request this Court enter judgment in their favor as to Count III and against plaintiff and enter any other relief in favor of them and against plaintiff that this Court deems just and proper.*

## AFFIRMATIVE DEFENSES

1.      The Individual Defendants are entitled to qualified immunity.  They are governmental officials, namely police officers, who perform discretionary functions.  At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted these Individual Defendants could have believed their actions to be lawful, in light of clearly established law and the information the Individual Defendants possessed.

2.      Any award of damages against the Defendants shall be reduced in proportion to the comparative fault of Plaintiff's own acts or omissions, including but not limited to Plaintiff's own negligent, intentional, or willful and wanton conduct which proximately caused the claimed injuries and damages.  In addition, at the time of the actions alleged in Plaintiff's Complaint, 735 ILCS 5/2-1116 (1992) was in effect and reduces a plaintiff's recovery according to her contributory negligence and bars her recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

3.      To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that

Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

4. Under Section 201 of the Illinois Tort Immunity Act ("Tort Immunity Act"), the Individual Defendants are not liable for injuries arising out of the exercise of discretionary acts. 745 ILCS 10/2-201 (2004).

5. Under Section 202 of the Tort Immunity Act, the Individual Defendants are not liable for injuries claimed in Plaintiff's state law claim because, as public employees, they are not liable for acts or omissions in the execution or enforcement of the law unless their conduct constitutes willful and wanton conduct. 745 ILCS 10/2-202 (2004). The Individual Defendants were engaged in the execution and enforcement of the law and their conduct was not willful and wanton.

6. Under Section 204 of the Tort Immunity Act, the Individual Defendants are not liable for the injuries claimed under Plaintiff's state law claim because they are not liable for injuries caused by the acts or omission of other persons. 735 ILCS 10/2-204 (2004).

7. Under Section 208 of the Tort Immunity Act, the Individual Defendants are not liable for injuries allegedly caused by the instituting or prosecuting of any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208 (2004).

8. Plaintiff's state-law claims are barred by the one-year statute of limitations specified in the Tort Immunity Act at 745 ILCS 10/8-101(a) (West 2006) to the extent applicable.

9. Under Section 109 of the Tort Immunity Act, the City of Chicago is not liable to Plaintiff if its employees are not liable to plaintiff. 745 ILCS 10/2-109 (2004).

10.     Under Section 102 of the Tort Immunity Act, the City of Chicago is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party.  745 ILCS 10/2-102 (2004).


## JURY DEMAND

Defendants demand a trial by jury for all issues so triable.


Dated:  October 18, 2010

Sergeant Ronan,
P.O. Michael Tews,
P.O. G. Moussa,
Ken Sahnas,
P.O. Noel Liboy,
P.O. M.K. Drozd,
P.O. A.A. Colindres,
P.O. T.A. Surma,
D.M. Dowd,
City of Chicago,
Defendants

*/s/ Matthew R. Hader*
Matthew R. Hader
Assistant Corporation Counsel
*Attorney for Defendants*

City of Chicago Department of Law
30 N. LaSalle St., Suite 900
Chicago, IL 60602
(312) 742-9586
matt.hader@cityofchicago.org
ARDC# 6284330

Sergeant Ronan,
P.O. Michael Tews,
P.O. G. Moussa,
Ken Sahnas,
P.O. Noel Liboy,
P.O. M.K. Drozd,
P.O. A.A. Colindres,
P.O. T.A. Surma,
D.M. Dowd,
City of Chicago,
Defendants

By: */s/ Christopher A. Wallace*
Christopher A. Wallace
Assistant Corporation Counsel
*Attorney for Defendants*

City of Chicago Department of Law
30 N. LaSalle St.
Suite 900
Chicago, IL 60602
T: (312) 742-6408
F: (312) 744-6566
ARDC# 6278655

## <u>CERTIFICATE OF SERVICE</u>

I, Christopher Wallace, certify that on October 18, 2010, I caused a copy of Defendants' Joint Answer to Plaintiff's Complaint, Affirmative Defenses and Jury Demand to be served upon all counsel of record by filing the same before the Court via the ECF system.

*/s/ Christopher Wallace*
Christopher Wallace
